```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

|  |  |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: 11/10/2020 | |

JOSE ANTONETTI

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.

```
------------------------------------------------------------X
```

02-CR-1232 (KMW)

18-CV-7239 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

    On October 29, 2003, Petitioner Jose Antonetti pleaded guilty to three counts contained in the indictment in *United States v. Antonetti* (02-CR-1232). Counts One and Three charged Antonetti with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and Count Two charged him with brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The § 924(c) charge was predicated on one of the Hobbs Act conspiracy charges. On June 1, 2004, Antonetti was sentenced to 77 months' imprisonment on the Hobbs Act conspiracy charges and 84 months' imprisonment on the § 924(c) charge, to be served consecutively.

    On June 4, 2018, Antonetti, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (ECF No. 47[1]), opening the civil docket 18-CV-7239. Due to an error in the filing of the petition, Antonetti also filed supplemental motions that assert substantially identical grounds for relief as the initial petition. (ECF Nos. 51, 52.)

    On September 30, 2019, Antonetti filed a supplemental brief, in which he argued that his conviction on the § 924(c) charge could not stand under the Supreme Court's decision in *United*

---

[1] All references to Petitioner's electronic docket refer to Petitioner's criminal docket.

*States v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 59.) On August 3, 2020, the Government informed the Court that it agrees with Antonetti that his conviction on the § 924(c) charge is invalid under *Davis*. (ECF No. 62.)

Accordingly, on August 10, 2020, the Court issued an Order appointing CJA counsel for the purpose of advising Antonetti in advance of and during resentencing; ordering the submission of a Supplemental Presentence Investigation Report and sentencing submissions by Antonetti and the Government; and setting a resentencing hearing, at which time the Government would consent to the vacatur of the §924(c) charge and the Court would resentence Antonetti on the remaining two counts of conviction. (ECF No. 63.)

On October 21, 2020, the Court vacated Antonetti's sentence on the § 924(c) charge (Count Two) and, on Counts One and Three, imposed a new sentence of 105 months (which is a sentence of time served). (ECF No. 71.) An amended judgment was entered on November 3, 2020. (ECF No. 72.)

## CONCLUSION

In light of the above, Antonetti's motion pursuant to 28 U.S.C. § 2255 and the related supplemental motions are DENIED as moot. The Clerk of Court is respectfully directed to terminate the motions on criminal docket 02-CR-1232 (ECF Nos. 47, 51, 52).

The Clerk of Court is hereby directed to terminate civil docket 18-CV-7239 and to send to the parties appeal instructions.

SO ORDERED.

Dated: New York, New York
November 10, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge